UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| SEVENTY-THREE THOUSAND, FOUR HUNDRED AND SIXTY DOLLARS IN U.S. CURRENCY ($73,460.00), and | ) ) ) |
| | ) |
| FIFTEEN THOUSAND, EIGHTY DOLLARS IN U.S. CURRENCY ($15,080.00), | ) ) |
| | ) |
| Defendants. | ) |

**VERIFIED COMPLAINT OF FORFEITURE**

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6); Title 18, United States Code, Sections 981(a)(1)(A) and (C); and Title 31, United States Code, Section 5332(c).

2. The defendant property was seized by law enforcement on or about August 27, 2018, within the Eastern District of Missouri, and is described more fully as:

   a. Seventy-three thousand, four hundred and sixty dollars in U.S. currency ($73,460.00); and

1

      b. Fifteen thousand, eighty dollars in U.S. currency ($15,080.00).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of

a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

11. Title 31, United States Code, Section 5332 (bulk cash smuggling) criminalizes knowingly concealing more than $10,000 in currency on the person of an individual or in any conveyance, article of luggage, merchandise, or other container, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, and transporting or transferring or attempting to transport or transfer such currency from a place within the United States to a place outside of the United States.

12. Pursuant to Title 31, United States Code, Section 5332(c), any property involved in a bulk cash smuggling offense, and any property traceable to such property, is subject to civil forfeiture.

**FACTS GIVING RISE TO THE FORFEITURE**

13. Oscar Valdivia-Gomez ("Valdivia-Gomez") is a resident of Rockwall, Texas. Jose Angel Cabrera-Pinedo ("Cabrera-Pinedo") and David Luis Cruz-Medina ("Cruz-Medina") are Mexican nationals who reside in Sinaloa, Mexico.

14. Between 1995 and 2019, Valdivia-Gomez made 207 border crossings between the United States and Mexico.

15. On August 27, 2018, Valdivia-Gomez, Cabrera-Pinedo and Cruz-Medina were travelling in a black Ford F-150 pickup truck (the "F-150") headed south on Interstate 55 within the Eastern District of Missouri. Valdivia-Gomez was driving the vehicle, Cruz-Medina was in the front passenger seat and Cabrera-Pinedo was in the rear passenger seat.

16. Near the 167 mile marker, the F-150 passed by a Drug Enforcement Administration ("DEA") task force officer (the "TFO") who was in a stationary marked patrol vehicle off the highway. When the F-150 passed the patrol vehicle, the F-150 abruptly slowed down and changed lanes without signaling.

17. The TFO pulled his patrol vehicle onto Interstate 55 behind the F-150, which immediately exited on Highway 61 and proceeded to a nearby gas station. The F-150 remained parked in the gas station parking lot for approximately 20 minutes before exiting and pulling back onto the interstate without properly signaling.

18. The TFO conducted a traffic stop of the F-150 and approached the driver, Valdivia-Gomez.

19. Valdivia-Gomez agreed to accompany the TFO to the patrol vehicle in order to conduct records checks. While in the patrol vehicle, the TFO asked Valdivia-Gomez about his

travel plans. Valdivia-Gomez stated that he, Cabrera-Pinedo and Cruz-Medina were traveling back from a concert in Milwaukee, Wisconsin. Valdivia-Gomez further stated that he was a booking agent for a Mexican regional band called "Calibre 50."

20. When asked if he had any prior criminal history, Valdivia-Gomez initially stated he did not, but then eventually admitted he was charged with drug-related offenses in the 1980s. A subsequent records check revealed that Valdivia-Gomez was also arrested for assault in 2008.

21. The TFO observed what appeared to be a large lump in the left front pocket of Valdivia-Gomez. Valdivia-Gomez told the TFO that he had approximately $5,000.00 in U.S. currency in his pocket.

22. Valdivia-Gomez stated that his "boss" lives in Guadalajara, Mexico. When the TFO asked Valdivia-Gomez whether he had recently crossed the U.S. / Mexico border, Valdivia-Gomez stated that he had not.

23. Valdivia-Gomez stated that there was nothing illegal inside the F-150. When the TFO asked Valdivia-Gomez if there were any large amounts of currency inside the F-150, Valdivia-Gomez paused for a moment, looked at the F-150 and then stated "no."

24. Valdivia-Gomez then gave consent to a search of the F-150.

25. During a search of the F-150, the TFO discovered numerous bundles of rolled-up and rubber banded currency in the bottom of a black toiletry bag located on the rear floorboard. This currency was later counted and determined to be $15,080.00 in U.S. currency. Valdivia-Gomez told the TFO that this currency in the toiletry bag did not belong to him, and that it belonged to Cabrera-Pinedo.

26. The TFO also discovered another bundle of currency in a leather computer bag located on the rear floorboard. Valdivia-Gomez told the TFO that this currency in the computer bag belonged to him, and stated he believed it contained approximately $5,000.00.

27. Valdivia-Gomez then admitted to the TFO that there was approximately $50,000.00 inside a suitcase that was located in the bed of the F-150. The TFO located the suitcase and discovered inside a cardboard box containing music CDs and rubber-banded bundles of currency.

28. The defendant property, totaling $88,540.00 in U.S. currency, consists of the currency discovered in Valdivia-Gomez's pants pocket, the currency discovered in the toiletry bag, the currency discovered in the leather computer bag, and the currency discovered in the suitcase.

29. A trained, certified and reliable drug detection canine was deployed for a discretionary sniff of the F-150 and its contents. The canine gave a positive alert to the presence of a controlled substance on the defendant property.

30. At a nearby towing facility, Valdivia-Gomez was read his Miranda rights and was interviewed by a Special Agent with the DEA. During this interview, Valdivia-Gomez stated that he is a booking agent for Promociones Tirado, Inc., a company that had booked a performance for the music group "Calibre 50" in Milwaukee, Wisconsin. Valdivia-Gomez stated that Cabrera-Pinedo and Cruz-Medina both also work for Promociones Tirado, Inc. Valdivia-Gomez stated that the three men had been traveling together for several days and were on their way to Guadalajara, Mexico when they were stopped by law enforcement.

31. Valdivia-Gomez stated that $50,000.00 of the currency discovered in the F-150 is money owing to Valdivia-Gomez's boss, Jesus Tirado. When asked for the telephone number of Jesus Tirado, Valdivia-Gomez stated that he did not have a telephone number for him.

32. Valdivia-Gomez stated that $18,000.00 of the currency discovered in the F-150 is Valdivia-Gomez's commission.

33. Valdivia-Gomez stated that he frequently makes large deposits consisting of his commission payments into his own bank account, but that on this occasion, he was waiting to deliver money to Jesus Tirado in Guadalajaro, Mexico, first before making such deposit.

## *COUNT ONE – FORFEITURE*
## 21 U.S.C. § 881(a)(6)

34. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 33 above as if fully set forth herein.

35. The defendant property is bulk U.S. currency that was discovered by law enforcement officers in bundles and wrapped in rubber bands, in a manner that is consistent with drug trafficking. The defendant property was found concealed in various locations in the F-150 and Valdivia-Gomez's person. A trained, certified and reliable narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

36. Based on the foregoing, the defendant property is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## *COUNT TWO – FORFEITURE*
## 18 U.S.C. § 981(a)(1)(A)

37. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 33 above as if fully set forth herein.

38. The defendant property is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri with the intent to promote

7

the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

39. Based on the foregoing, the defendant property is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## COUNT THREE – FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

40. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 33 above as if fully set forth herein.

41. The defendant property is proceeds of an unlawful activity involving controlled substances that travelled in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

42. Based on the foregoing, the defendant property is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

## COUNT FOUR – FORFEITURE
## 31 U.S.C. § 5332(c)

43. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 33 above as if fully set forth herein.

44. The defendant property is bulk U.S. currency that was concealed or intended to be concealed in violation of Title 31, United States Code, Section 5332(a).

45. Based on the foregoing, the defendant property is subject to forfeiture, pursuant to

Title 31, United Stated Code, Section 5331(c) as property involved in a violation of Title 31, United States Code, Section 5332(a).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## VERIFICATION

I, David P. Morton, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by Special Agent with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

David P. Morton
Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.                Example:        U.S. Civil Statute: 47 USC 553
                                                                                                       Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

```
                    ,      )
        plaintiff,         )
                           )
v.                         )      Case No.
                           )
                    ,      )
        defendant.         )
```

# ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:_____

_____
Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| SEVENTY-THREE THOUSAND, FOUR HUNDRED AND SIXTY DOLLARS ($73,460.00) U.S. CURRENCY, | ) ) ) |
| | ) |
| Defendant. | ) |

**WARRANT FOR ARREST OF PROPERTY**

TO:   THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on February 19, 2019, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

GREGORY J. LINHARES, CLERK
United States District Court

By: _____
Deputy Clerk

Date: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| FIFTEEN THOUSAND, EIGHTY DOLLARS IN U.S. CURRENCY ($15,080.00), | ) ) ) |
| | ) |
| Defendant. | ) |

**WARRANT FOR ARREST OF PROPERTY**

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on February 19, 2019, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

                                          GREGORY J. LINHARES, CLERK
                                          United States District Court

By: _____
      Deputy Clerk

Date: _____